

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: SAMUEL MICHAEL SABER,

      Debtor,

_____

SAMUEL MICHAEL SABER,

      Appellant,

 v.

JPMORGAN CHASE BANK, N.A.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; JOHN J. MENCHACA,
Chapter 7 Trustee for the Estate; PETER
C. ANDERSON, United States Trustee for
Region 16,

      Appellees.

No.   21-55431

D.C. No. 2:20-cv-05729-MCS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted February 10, 2022
Pasadena, California

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER, LIPEZ,[**] and LEE, Circuit Judges.

Debtor Samuel Saber appeals the district court's order that affirmed the bankruptcy court's conversion of his case from Chapter 11 to Chapter 7.  We review the conversion for abuse of discretion.  *See In re Consol. Pioneer Mortg. Entities*, 264 F.3d 803, 806 (9th Cir. 2001).

The bankruptcy court granted the conversion motion of Appellee JPMorgan Chase Bank, the secured creditor on one of two residential rental properties that were in Saber's estate.  Saber had fallen seriously in arrears in his mortgage payments on both properties, failing to make any mortgage payment on one of the properties for almost a decade.  By his own admission, Saber filed for bankruptcy "to stop the foreclosure" of that property.

Saber proved as deficient in complying with the bankruptcy court orders as he was in making the mortgage payments.  As a Chapter 11 debtor, he was required to file a disclosure statement and reorganization plan, *see* 11 U.S.C. § 1121(a), but never filed a viable plan, despite being given repeated chances to do so.  Saber failed to file a disclosure statement and amended reorganization plan by a court-imposed January 8, 2020, deadline, and Chase filed its motion to convert to

---

[**]    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Chapter 7 based on Saber's failure to follow court orders. After holding a hearing, the bankruptcy court granted Chase's motion.

Saber does not dispute that he failed to file the required documents by the January 8 deadline. He claims in effect that he had until the next status conference to provide an explanation for his failure. The January 8 deadline, however, is unambiguous; Saber's failure to meet it is undeniable, and the bankruptcy court did not abuse its discretion in granting the motion to convert to Chapter 7.

Because we uphold the conversion to Chapter 7, we need not address Saber's contention that he was entitled to Subchapter 5 status, which is available only to Chapter 11 debtors.

The Appellees' motion to dismiss the appeal as moot is denied.

**AFFIRMED**.